**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GARY A. CYGAN,

       Plaintiff,

                                 Case No. 14-14356

v.                             Hon. Gerald E. Rosen
                                 Magistrate Judge Mona K. Majzoub

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

**OPINION AND ORDER**
**SUSTAINING DEFENDANT'S OBJECTION TO THE**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____ March 23, 2016 _____

PRESENT:    Honorable Gerald E. Rosen
                 United States District Judge

On December 21, 2015, Magistrate Judge Mona K. Majzoub issued a

Report and Recommendation ("R & R") recommending that the Court grant in part

and deny in part Plaintiff Gary A. Cygan's motion for summary judgment, deny

the Defendant Commissioner of Social Security's motion for summary judgment,

and remand this matter to the Defendant Commissioner for further proceedings

pursuant to sentence four of 42 U.S.C. § 405(g).  Defendant filed an objection to

the R & R on December 23, 2015, and Plaintiff responded to this objection on

December 23, 2015.  The Court has now reviewed the R & R, Defendant's

objection, Plaintiff's response, the parties' underlying summary judgment motions,

and the remainder of the record.  For the reasons stated below, the Court sustains

Defendant's objection to the R & R, and therefore concludes that Plaintiff's

underlying motion for summary judgment should be denied and that Defendant's

summary judgment motion should be granted.

Defendant's sole objection to the R & R concerns the proper remedy for the

manifestly inadequate analysis of the Administrative Law Judge ("ALJ") at the

third step of the five-step sequential analysis that governed the ALJ's decision on

Plaintiff's application for Social Security benefits.  In particular, all are agreed that

the ALJ erred in his cursory step three analysis, where he (i) failed to identify any

listings that Plaintiff's impairments, whether alone or in combination, might have

met or medically equaled, (ii) failed to provide any reasoned explanation for his

conclusory finding that Plaintiff's impairments did not meet or equal any

(unspecified) listings, and (iii) supported this step three conclusion by reference to

the non-existent "medical opinion[s] of . . . consultative physicians" who

purportedly "considered the relevant Listings."  (Admin. Record at 13.)  The

Magistrate Judge found that the ALJ's deficient analysis was "not harmless," and

that a remand therefore is warranted for an appropriate step three determination. (R & R at 10.)  The Defendant Commissioner now objects to this conclusion, arguing primarily that Plaintiff is not entitled to a remand because of his failure to meet two relevant burdens imposed on him by law:  (i) the threshold step three burden to show that his impairments, alone or in combination, meet or medically equal all of the criteria of a specified listing, and (ii) the burden to show prejudice resulting from the ALJ's error.

The Court reluctantly agrees that despite the ALJ's meager step three analysis, Plaintiff has failed to identify an appropriate ground for ordering a remand for further administrative proceedings.  First, Defendant correctly points out that it is Plaintiff's burden, at the third step of the sequential evaluation process, to demonstrate that his impairments meet or equal all of the criteria of a listing.  *See Sullivan v. Zebley,* 493 U.S. 521, 530, 110 S. Ct. 885, 891 (1990); *Foster v. Halter,* 279 F.3d 348, 354 (6th Cir. 2001).  As aptly observed in the R & R, Plaintiff did not indicate in his initial summary judgment motion "what listing(s) the ALJ should have considered,"[1] nor did he "identify any record

_____

[1]Although the Magistrate Judge suggests that Plaintiff eventually identified two listings that the ALJ should have evaluated, albeit not "until his brief in response to Defendant's Motion," (R & R at 7), the Court views this as a rather charitable reading of Plaintiff's response brief.  In the pertinent passage of this brief, Plaintiff merely pointed to the listings considered by the state agency physician, Dr. Jean Kozachik, upon whom

3

evidence in his [summary judgment] briefs that tends to support a step-three determination in his favor." (R & R at 7.) Against this backdrop, it is debatable whether the Magistrate Judge should have even addressed Plaintiff's challenge to the ALJ's step three analysis. *See Mortzfield v. Commissioner of Social Security,* No. 12-15270, 2014 WL 1304991, at *14 (E. D. Mich. March 31, 2014) (finding that the claimant waived his claim of error in the ALJ's step three analysis by merely citing a listing but "offer[ing] no evidentiary analysis" to show how this listing was met).

Next, while the Magistrate Judge ably identified the patent deficiencies in the ALJ's step three analysis, (*see* R & R at 8-9), the case law establishes — and the Magistrate Judge likewise recognized, (*see id.* at 9) — that this flawed analysis, by itself, would not warrant a remand if the ALJ's error was harmless. *See Reynolds v. Commissioner of Social Security,* No. 09-2060, 424 F. App'x 411, 416 (6th Cir. Apr. 1, 2011) (holding that the ALJ erred by "skipp[ing] an entire step of the necessary analysis," but then inquiring whether this error was harmless); *M.G. v. Commissioner of Social Security,* 861 F. Supp.2d 846, 859

---

the ALJ relied in his step three analysis. (*See* Plaintiff's 5/8/2015 Response Br. at 2 (citing Admin. Record at 56).) Far from arguing that his impairments met or equaled one or both of these listings, Plaintiff expressly denied in his response brief that he was under any obligation to "prove what listing his impairments meet or equal." (*Id.*)

4

(E.D. Mich. 2012) (recognizing that the court "may overlook the ALJ's failure to articulate his Step Three findings if the error is harmless in nature").  Here, again, it is Plaintiff's burden to show that he was prejudiced by the ALJ's error — "that is, that there is evidence in the record that [Plaintiff] meets" the criteria of a specified listing.  *Harvey v. Commissioner of Social Security,* No. 14-10614, 2014 WL 5465531, at *4 n.8 (E.D. Mich. Oct. 28, 2014); *see also Willis v. Commissioner of Social Security,* No. 12-10011, 2013 WL 718506, at *5 (E.D. Mich. Feb. 27, 2013) (confirming that the "burden of showing that an error is harmful normally falls upon the party attacking the agency's determination" (internal quotation marks and citation omitted)).

Despite three opportunities — in his initial summary judgment motion, in his response to Defendant's summary judgment motion (which squarely raised a claim of harmless error), and in his response to Defendant's objection to the R & R (which once again argued that the ALJ's error was harmless) — Plaintiff has never even attempted to meet this burden.  He has not, in particular, advanced any sort of developed argument that the evidentiary record satisfies the criteria of a specified listing, and thereby dictates a different outcome in the ALJ's step three analysis.  To the contrary, Plaintiff has steadfastly maintained in each of his submissions that the ALJ's failure to give a reasoned explanation for his step three

5

analysis is sufficient, by itself, to demonstrate prejudice resulting from the ALJ's
error, and to warrant a remand so that the ALJ can undertake an appropriate step
three analysis.  In his response to Defendant's objections, for example, Plaintiff
insists that "he could easily point out a number of medical findings that the ALJ
ignored or misstated," but that "[s]uch an argument would be misplaced" in light
of the "applicable law" that "fully support[s]" the remand recommended by the
Magistrate Judge.  (Plaintiff's 12/23/2015 Response to Defendant's Objections at
4.)

Although the Court recognizes that the case law is not a model of clarity on
this point, it nonetheless concludes that Plaintiff has failed to establish the sort of
prejudice necessary to warrant a remand for further administrative proceedings.
To be sure, the Sixth Circuit stated in *Reynolds,* 424 F. App'x at 416, that the
ALJ's flawed step three analysis in that case "was not harmless," because if the
ALJ had conducted a proper step three analysis and determined that a listing was
satisfied, the plaintiff would have "receive[d] benefits regardless of what the
ALJ's conclusion would have been at Steps Four and Five."  The court further
observed that in carrying out a step three analysis, an ALJ must "actually evaluate
the evidence, compare it to [one or more relevant listings], and give an explained
conclusion, in order to facilitate meaningful judicial review," because absent such

6

an analysis "it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence." *Reynolds,* 424 F. App'x at 416. Nonetheless, the court still proceeded to ask whether the record was sufficient to support a step three finding in the claimant's favor, explaining that "in this case, correction of [the ALJ's] error is not merely a formalistic matter of procedure, for it is possible that the evidence [the plaintiff] put forth could meet" the specified listing that the plaintiff claimed was satisfied. 424 F. App'x at 416.

In *M.G.,* 861 F. Supp.2d at 858-60, then-Magistrate Judge (and now District Judge) Michelson of this District extensively surveyed the case law of this and other circuits in considering whether an ALJ's "procedural lapse alone" in a step three analysis is sufficient to warrant a remand. There, as here, the ALJ performed only a "conclusory" step three analysis, failing to "even identify which Listing(s) [the plaintiff's] impairments were compared with," nor "cit[ing], discuss[ing], or resolv[ing] any conflicts in the evidence in concluding that [the plaintiff's] mental impairment did not meet or medically equal a Listing." *M.G.,* 861 F. Supp.2d at 857-58. Upon considering this case law — including *Reynolds* and the Sixth Circuit's earlier, published decision in *Rabbers v. Commissioner, Social Security Administration,* 582 F.3d 647, 654-58 (6th Cir. 2009) — the court found that the ALJ's deficient step three analysis did not, by itself, justify a remand, but that it

7

instead was necessary to "review the record to determine whether the ALJ's failure to analyze the elements of [a specified listing] [wa]s harmless." *M.G.,* 861 F. Supp.2d at 859-60; *see also Rabbers,* 582 F.3d at 654-57 (concluding that an ALJ's failure to adhere to a different but analogous procedural requirement in his step three analysis was amenable to harmless error review); *Smith-Johnson v. Commissioner of Social Security,* No. 13-1696, 579 F. App'x 426, 432-33 (6th Cir. Sept. 8, 2014) (holding that if a claimant does not "point to specific evidence that demonstrates he reasonably could meet or equal every requirement of [a] listing," then "the ALJ does not commit reversible error by failing to evaluate a listing at Step Three"); *Harvey,* 2014 WL 5465531, at *4 n.8 (explaining that "this Court may not remand or reverse unless [the claimant] can show that the ALJ's error harmed her; that is, that there is evidence in the record that [the claimant] meets" the criteria of a listing).

Against this backdrop, the Court finds that the remand sought by Plaintiff is precluded by virtue of his utter failure to show harm resulting from the ALJ's inadequate step three analysis. Throughout his three submissions to the Court, Plaintiff never even attempts to advance any sort of argument that the evidentiary record would support a step three finding in his favor. Plaintiff has not identified a specific listing under which his impairments should be evaluated, nor has he

marshaled evidence in support of a claim that the criteria of this specific listing are satisfied.  Consequently, while Plaintiff criticizes the Defendant Commissioner for seeking to "provide a *post hoc* rationalization" for the outcome of the ALJ's step three analysis, (Plaintiff's 12/23/2015 Response to Defendant's Objections at 1-2), he likewise has left it to the Magistrate Judge to review the record in search of evidence that could support ***his*** preferred *post hoc* finding — namely, that "Plaintiff's back disorder could meet or medically equal" the criteria of Listing 1.04A, (R & R at 9).

The law is clear that it is Plaintiff's burden to show that he was harmed by the acknowledged error in the ALJ's step three analysis.  It is equally clear in this case that Plaintiff has not even attempted to discharge this burden.  Accordingly, the Court agrees with Defendant that Plaintiff's request for a remand is defeated by his failure to show prejudice resulting from the ALJ's flawed step three analysis.[2]

---

[2]Near the conclusion of his response to Defendant's objection to the R & R, Plaintiff invites the Court to revisit an argument he advanced in his underlying summary judgment motion, concerning the ALJ's purported failure to give appropriate weight to the opinion of Dr. M. Sohail Jilani.  The Court declines to consider this issue, however, where Plaintiff did not lodge his own objections to the Magistrate Judge's R & R.

In any event, the Magistrate Judge thoroughly addressed this challenge in the R & R, (*see* R & R at 10-14), and Plaintiff has not even attempted to identify any infirmity in the Magistrate Judge's analysis of this issue, but instead merely incorporates by reference the argument that he "fully developed" in his underlying summary judgment motion, (*see*

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's December 23, 2015 objection (docket #18) to the Magistrate Judge's Report and Recommendation is SUSTAINED.  In light of this ruling, IT IS FURTHER ORDERED that the Magistrate Judge's December 21, 2015 Report and Recommendation (docket #17) is rejected in part, to the extent that the Magistrate Judge recommends a remand for further administrative proceedings to revisit the ALJ's step three analysis, and is otherwise adopted as the opinion of this Court. Finally, IT IS FURTHER ORDERED that Plaintiff's March 31, 2015 motion for

---

Plaintiff's 12/23/2015 Response to Defendant's Objection at 5).  As the Sixth Circuit has explained, a party's failure to "focus[] on any specific issues for review" in his objections to an R & R "mak[es] the initial reference to the magistrate useless," and leads to unnecessary and wasteful duplication of efforts "as both the magistrate and the district court perform identical tasks." *Howard v. Secretary of Health & Human Services,* 932 F.2d 505, 509 (6th Cir. 1991).  Such is the case here, where the Magistrate Judge's analysis stands wholly unchallenged by Plaintiff.

summary judgment (docket #14) is DENIED, and that Defendant's April 24, 2015

motion for summary judgment (docket #15) is GRANTED.


s/Gerald E. Rosen
United States District Judge

Dated:  March 23, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 23, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

11